EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN FLORES, acusado y apelante.

Nos. 5563 y 5564.—*Sometidos:* Diciembre 7, 1934. *Resueltos:* Diciembre 20, 1934.

L. *Longchamps,* abogado del apelante; *R. A. Gómez* y *Luis Janer, Fiscal* y *Fiscal Auxiliar,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La denuncia formulada en el caso que en la corte de distrito lleva el No. 4308 se basa en que el acusado Ramón Flores tenía en explotación máquinas automáticas vendedoras o de juego de azar, cuyo funcionamiento se produce por medio de manivelas o monedas, sin haberse provisto de las correspondientes licencias de rentas internas para el trimestre de abril a junio, 1933. Se alega que el acusado ha infringido el artículo 84 de la ley de rentas internas de Puerto Rico (Ley No. 85 de 1925, pág. 585) tal y como quedó enmendada en 18 de abril de 1933 (Ley No. 18, Leyes de 1932–1933, pág. 221). El acusado fué declarado culpable y condenado a pagar $100 de multa, o a sufrir, en defecto de pago, un día de cárcel por cada dólar que dejase de satisfacer, no excediendo la prisión de noventa días, con las costas.

El alegato del acusado no se ajusta estrictamente a los procedimientos establecidos en las apelaciones ante este tribunal, pero en realidad se alega que la corte inferior incurrió en error grave y manifiesto en la apreciación. de la prueba y que la sentencia apelada es contraria a derecho y a la prueba practicada.

El testigo Pedro Piquer, agente de rentas internas, declara que ocupó las máquinas 106,572 y 208,806; que el acusado tenía otras máquinas, pero que entre ellas había esas dos sin licencias; que solicitó las licencias de esas máquinas y el acusado le respondió que no las tenía porque eran máquinas viejas.

Cuando declaraba el testigo José B. Barina, colector de rentas internas de Ponce, las partes estipularon que conforme a la declaración de este testigo, en el trimestre correspondiente de abril a junio, 1933, en Ponce, se habían solicitado y se habían expedido licencias al acusado para manipular y funcionar las máquinas cuyos números son los siguientes: 113,885 y 208,805. Este testigo declara que expedía licencias para todas las máquinas como se pedían: *slot machines;*

que esa es la forma en que se hace la licencia, que no se hace ninguna salvedad en cuanto a la marca de la máquina y que se le pone el número de la serie de la máquina como una distinción para diferenciar una de otra; que todas tienen un número de serie.

Alega el acusado como fundamento principal para sostener que la corte inferior cometió manifiesto error al apreciar su prueba, que el testimonio del testigo Piquer ante la corte municipal no está de acuerdo con el producido ante la corte de distrito. Es verdad que de la declaración del juez que actuó ante la corte municipal, señor Fernando Usera, se deduce que el testigo o el juez tuvieron cierta confusión en cuanto al número de serie de alguna de las máquinas; pero el testigo Piquer declaró ampliamente ante la corte de distrito, expresando que las máquinas No. 106,572 y No. 208,806 fueron ocupadas al acusado, quien manifestó entonces que no tenía licencia; que esas máquinas las llevó el testigo a la colecturía; que pocos días después, luego de embargadas, se devolvieron a Ramón Flores, y que se volvieron a ocupar después, faltando una máquina que el acusado no sabía donde estaba.

La corte inferior, en el juicio *de novo* celebrado en apelación, apreció esta prueba y creyó al testigo Piquer, y declaró culpable al acusado, quien no presentó licencia alguna para el uso de la máquina que lleva el No. 208,806 que dicho acusado trató de cubrir con la licencia que le fué expedida para la máquina 208,805, sin que fuera creído por la corte. Según el referido testigo, el acusado no devolvió una de las máquinas que habían sido anteriormente ocupadas.

Si el testigo Piquer se equivocó en la corte municipal o si su testimonio resultó en conflicto con el producido en la corte de apelación es cuestión para ser tenida en cuenta en cuanto el grado de credibilidad que debe merecer el testigo, pero que no puede ser motivo de revocación si la corte inferior creyó a dicho testigo, y no se ha demostrado ni

834

parcialidad ni prejuicio ni que se haya incurrido en mani-
fiesto error al apreciar la prueba.

También se produjo otra denuncia contra el acusado por
el mismo delito. En esta denuncia, que tiene el No. 4307,
se alega que el acusado posee en explotación las máquinas
Nos. 159,621 y 113,886, y una pequeña denominada *jack pot*.
Se atribuye a la corte inferior error manifiesto en la apre-
ciación de la prueba. Hemos examinado detenidamente la
evidencia aportada y no creemos que el tribunal *a quo* haya
incurrido en el error que se le atribuye.

*Deben confirmarse las sentencias apeladas.*